UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHARON KOVARIK,

                Plaintiff,

  -against-                                      6:03-CV-1114
                                                              (LEK/RFT)

MICHAEL J. ASTRUE[1],
Commissioner of Social Security
Administration,

                Defendant.

**DECISION AND ORDER**

This matter comes before the Court following a Report-Recommendation filed on February 19, 2008 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 30). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Sharon M. Kovarik, which were filed on March 4, 2008. Objections (Dkt. No. 31).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

---

[1] Plaintiff originally named Jo Anne B. Barnhart in her official capacity as Defendant in this case. However, since this claim was filed, Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Accordingly, Mr. Astrue will be substituted as Defendant in this action.

The Report-Recommendation in this case recommended affirming the Commissioner's decision denying disability benefits. Dkt. No. 30. However, the background of this case necessitates a remand for a new hearing before an Administrative Law Judge (ALJ).

On August 29, 2002, ALJ Franklin T. Russell issued an unfavorable decision against Plaintiff, determining that she was not disabled. On October 17, 2002, the Appeals Council declined to review ALJ Russell's decision, determining that there was no basis under the regulations to grant Kovarik's request for review. Accordingly, ALJ Russell's decision is the final decision of the Commissioner. With her objection to the Report-Recommendation, Plaintiff has submitted documentation showing that, on November 30, 2005, a final agency decision was issued crediting bias allegations against ALJ Russell and allowing "voluntary remands of all pending district court cases in which ALJ Russell was the deciding official for a new hearing before a different ALJ." Final Agency Decision (Dkt. No. 31) at 35. Specifically, the final agency determination found, among other problems, that "ALJ Russell held claimants to a higher standard than appropriate" and "ALJ Russell discounted or gave improper weight to treating physician opinion" in several reviewed cases.

This information came to the Court's attention after the filings which informed the Report-Recommendation. Accordingly, the Court does not reject the Report-Recommendation because of any flaw in the Report-Recommendation, but because of the new information about ALJ Russell.

Because of the findings of bias against the deciding ALJ and the agency's acquiescence to voluntary remand in cases involving ALJ Russell, this case must be remanded to the Commissioner for a new hearing before a new ALJ.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 30) is **REJECTED**; and it is further

**ORDERED**, that Plaintiff's case is **REMANDED** to the Commissioner for a new hearing on the question of whether the Plaintiff's medical condition rendered her disabled during the relevant period and a timely decision in accordance with applicable law; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

 **IT IS SO ORDERED**.

DATED:     March 06, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge